UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------------------------------------X

JERRI LUCERO, on behalf of himself and others    :    Case No. 17-CV-3813
similarly situated,    :    (VMS)

                                            :

                    Plaintiff,    :

      -against-    :

                                            :

TA LADADIKA RESTAURANT CORP. d/b/a    :
STAMATIS RESTAURANT, STAMATIS BILLILIS,    :
and JOANN BILLILIS,    :

                                            :

                    Defendants.    :

----------------------------------------------------------------------X

## SETTLEMENT AGREEMENT AND
## MUTUAL GENERAL RELEASE

This Settlement Agreement and Mutual General Release ("Agreement"), is entered into by and between plaintiffs Jerri Lucero and Luis Abarca (hereinafter referred to as "Plaintiffs" or "Releasors"), and Ta Ladadika Restaurant Corp., and each of its parent companies and any of its subsidiaries, divisions, related companies, predecessors, successors, assigns, current or former employees, agents, shareholders, officers, directors and representatives, as well as Stamatis Billilis and Joann Billilis, jointly and severally (hereinafter collectively referred to as the "Defendants" or "Releasees") (Plaintiff and Defendants are referred to herein as the "Parties").

WHEREAS, on June 26, 2017, Plaintiffs filed suit for damages titled *Jerri Lucero, on behalf of himself and others similarly situated v. Ta Ladadika Restaurant Corp., et al,* in the United States District Court for the Eastern District of New York, Civil Action No. 17-CV-38313 (VMS) (hereinafter referred to as the "Complaint"), alleging claims for, among other things, unpaid minimum wages and overtime compensation due under the federal Fair Labor Standards Act and New York State Labor Law; and,

WHEREAS, the Defendants have contested the claims set forth in this suit and deny any and all liability; and,

WHEREAS, the Parties now desire to settle the claims and to resolve fully all wage and hour disputes or potential wage and hour disputes between them, including but not limited to Plaintiffs' claims in the Complaint, without the time, uncertainty, and expense of further litigation; and,

NOW, THEREFORE, in consideration of the promises and mutual covenants set forth in this Agreement, the sufficiency of which is hereby acknowledged, the Parties hereby agree as follows:

### A.    Consideration

1.    In exchange for the promises contained in this Agreement, Defendants, in accordance with the terms of this Agreement, shall pay to Plaintiffs the total settlement amount of Sixty-Two Thousand Five Hundred Dollars ($62,500.00) (the "Settlement Sum"), of which Thirty-Three and On-Third Percent (33.33%) plus costs shall be considered payable to Plaintiffs' counsel as attorneys' fees, and which shall be paid as follows:

- FIRST PAYMENT: Within ten (10) days of the Court's approval of this Agreement as fair and reasonable, and dismissing the Complaint with prejudice, Defendants shall pay to Plaintiffs the sum of Five Thousand Five Hundred Dollars ($5,500.00), from which no taxes shall be withheld and for which Defendants will issue a tax Form 1099.

- PAYMENTS 2-16: Within thirty (30) days of the First Payment, and continuing every thirty (30) days thereafter until the Settlement Sum is paid in full, Defendants shall pay to Plaintiffs the sum of Three Thousand Eight Hundred Dollar ($3,800.00) from which no taxes shall be withheld and for which Defendants will issue a tax Form 1099.

2.    The settlement payments described in Paragraph A(1) shall be paid to Plaintiffs in exchange for Plaintiffs' release of their wage and hour claims and other promises below, and in full and complete settlement of any and all wage and hour claims or potential wage and hour claims between the Parties, including but not limited to those arising from, involving or relating to Plaintiffs' claims in the Complaint, including any and all claims for damages, liquidated damages, compensatory or punitive damages, injunctive relief, attorneys' fees, expenses and costs, or other relief.  The payments set forth in Paragraph A(1) shall be made payable to "Cilenti & Cooper, PLLC, as attorneys," and shall be sent to Justin Cilenti of Cilenti & Cooper, PLLC, 708 Third Avenue, 6th Floor, New York, New York 10017, so as to be received no later than the date indicated above.

3.    Plaintiffs understand that they are solely liable for any taxes that may be due on the Settlement Sum and agree to pay any due taxes, and they hereby indemnify Defendants and holds them harmless for any unpaid taxes of any kind on the Settlement Sum. Defendants make no representations or warranties with respect to the tax consequences of the payment of any monies paid pursuant to this Agreement. Plaintiffs acknowledge that if, at a later date, it is determined by federal, state, or local taxing authorities, or a court of competent jurisdiction, that any additional taxes should have been paid by Plaintiffs on any monies paid pursuant to this Agreement, the payment of such taxes shall be Plaintiffs' sole responsibility. Plaintiffs agree that the net proceeds received by them after the payment of any taxes, interest, and penalties on the monies paid pursuant to this Agreement shall be deemed full payment, satisfaction, discharge, compromise, and release of and from all matters released by this Agreement to the same extent as if no taxes, interest, or penalties were paid.

default by facsimile and email to counsel for the Defendants: Elena Paraskevas-Thadani, Esq., Michael Pappas, Esq., EPT Legal, 380 Lexington Avenue, 17th Floor, New York, New York 10168, Facsimile (914) 801-2490, ept@eptlegal.com, mpappas@eptlegal.com. Defendants will then have five (5) days from the date of receipt of such notice within which to cure the default. If the default is not cured within such time, the entire amount shall become due and owing as of the 6th day following receipt of said notice, together with liquidated damages in the amount of $15,000.00, with interest to commence as of that date at a rate of 9% per annum, on the amount remaining to be paid under this Agreement at the time of the default. Plaintiffs shall have the right to enforce immediate payment of all remaining unpaid portions of the Agreement, including having judgment entered against the Defendants, and to recover reasonable attorneys' fees, costs and disbursements incurred in enforcing in Court the payment obligations under this Agreement.

### C.   Mutual General Release

1.   By Plaintiffs:

(a)   In consideration of the promises, payments and actions of Defendants set out in this Agreement and other good and valuable consideration, the receipt of which is hereby acknowledged, Plaintiffs, with respect solely and only to conduct that has arisen on, or prior to, the date this Agreement is executed, fully and forever release, relieve, waive, relinquish, and discharge Releasees (as defined herein below) from all actions, causes of action, suits, debts, dues, liabilities, obligations, costs, expenses, sums of money, controversies, accounts, reckonings, liens, bonds, bills, specialties, covenants, contracts, agreements, promises, damages, judgments, executions, claims and demands of any nature whatsoever, including, but not limited to, any and all wage and hour claims arising under the Fair Labor Standards Act, the New York Labor Law, and the Wage Theft Prevention Act, as well as claims for minimum wages, overtime,

4

judgments, executions, claims and demands of any nature whatsoever, including, but not limited to, any and all wage and hour claims arising under the Fair Labor Standards Act, the New York Labor Law, and the Wage Theft Prevention Act, as well as claims for minimum wages, overtime, commissions, unpaid wages, whether based on common law or otherwise, and all claims for improper deductions, travel time, spread of hours pay, bonuses, expenses, reimbursements, gratuities, tip credits, tip allowances, service charges and retained gratuities during Plaintiff's employment with Defendants and any other compensation or wages.

        (b)     As used in this Agreement, the term "Releasees" means: (a) Defendants and/or any and all of their past and/or present parents, subsidiaries, affiliates, divisions, insurers, insurance policies, and benefit plans; (b) each of the past and present owners, shareholders, officers, directors, trustees, employees, representatives, agents, administrators, attorneys, factors, insureds, insurers, and/or fiduciaries of the foregoing entities and plans, in their individual and/or representative capacities; and (c) the predecessors, successors, transferees, and assigns of each of the persons and entities described in this subparagraph.

        2.     By Defendants:  In consideration of the promises and actions of Plaintiffs set out in this Agreement and other good and valuable consideration, the receipt of which is hereby acknowledged, Defendants, with respect solely and only to conduct that has arisen on, or prior to, the date this Agreement is executed, fully and forever release, relieve, waive, relinquish, and discharge Plaintiffs from all actions, causes of action, suits, debts, dues, liabilities, obligations, costs, expenses, sums of money, controversies, accounts, reckonings, liens, bonds, bills, specialties, covenants, contracts, agreements, promises, damages, judgments, executions, claims and demands of any nature whatsoever.

3.      This release shall not affect or limit: (a) any claims that may arise after the date Plaintiffs sign this Agreement, or (b) Plaintiffs' right to enforce the terms of this Agreement.

**D.      No Re-Employment**

Plaintiffs promise and agree not to knowingly seek or accept employment with Defendants at any time in the future. Plaintiffs acknowledge and agree that their forbearance to seek or accept future employment is purely contractual and in no way involuntary, discriminatory, or retaliatory.

**E.      Agreement To Refrain From Filing Claims**

Plaintiffs represent that they have not filed any other lawsuit or initiated any other proceeding against any of the Defendants, except the federal Complaint released herewith. Plaintiffs also agree not to bring any lawsuit or initiate any proceeding for any claim waived in any paragraph of this Agreement, and agrees, further, not to permit anyone else to do so on their behalf, to the maximum extent possible under applicable law.

**F.      Judicial Review/Dismissal of the Complaint**

Contemporaneously with the execution of this Agreement, the Parties, by their respective counsel, shall execute a Stipulation and Order of Dismissal, dismissing the Complaint with prejudice, which Stipulation and Order shall expressly provide that, with the Court's consent, the Court shall retain jurisdiction over this matter solely for purposes of enforcement of this Agreement.   The Parties, through counsel, will submit the Stipulation and Order of Dismissal, simultaneously with this Agreement, to the Court for Judicial review and approval.

6

## G.    Representations and Acknowledgements

1.    Plaintiffs represent that they have consulted with an attorney prior to signing this Agreement and that this Agreement is the product of negotiations between their attorneys and the attorneys for Defendants.  Plaintiffs further represents that:

   (a) They have reviewed each and every provision of this Agreement;

   (b) The Agreement has been explained to them by their attorneys;

   (c) That this Agreement appears to them to have been written in a manner calculated to be understood by them; and,

   (d) They do in fact fully understand this Agreement, including the release of claims.

2.    Plaintiffs also represent that they voluntarily and knowingly enter into this Agreement of their own free will.

3.    Plaintiffs also represent that their attorneys had this Agreement translated to them in Spanish – Plaintiffs' primary language.

4.    Plaintiffs further represent that neither the Releasees nor any of their agents, representatives or attorneys made any representations concerning the terms or the effects of this Agreement other than those contained herein, that their decision to sign this Agreement is not based in whole or in part on any statement or promise that does not appear within the four corners of this document, and that they have been fairly represented by their attorneys throughout these proceedings.

## H.    Non-Admissions

1.    Plaintiffs agree that the Defendants are entering into this Agreement solely for the purpose of avoiding the burdens and expenses of protracted litigation.  Plaintiffs

understand that by entering into this Agreement, Defendants do not acknowledge or admit in any way that Plaintiffs' claims in the Complaint have any merit, or that Defendants engaged in any wrongdoing against Plaintiffs or violated any federal, state or local law, statute, order, ordinance, rule, regulation, or contract or common law requirement, duty, or obligation.

    2.  Whether or not this Agreement becomes effective, neither this Agreement, nor any exhibit, documents, or instrument delivered hereunder, nor any statement, negotiations, transactions, or proceedings in connection therewith, shall in any event be construed as, or be deemed to be, or be offered by Plaintiffs in any action or proceeding of any kind as evidence of: (a) an admission or concession on the part of Defendants of any liability or wrongdoing or of any violation of any federal, state, or local statute, rule, regulation or principle of common law or equity; or (b) an admission or concession on the part of Defendants that Plaintiffs have suffered any damage. Additionally, Plaintiffs agree that nothing in this Agreement may be used by either party in any proceeding of any kind for any purpose of any kind, except to enforce its terms.

  **I.**  **Attorneys' Fees and Costs**

    The Parties are responsible for their own attorneys' fees and costs in connection with this matter. In the event either party brings an action to enforce the terms of this Agreement, the prevailing party shall recover the costs and reasonable attorneys' fees from the other party.

  **J.**  **Complete Agreement**

    This Agreement constitutes the full and complete agreement between the Parties and fully supersedes any and all prior agreements, commitments or understandings between the Parties pertaining to the subject matter thereof.

### K.    Additional Terms

1.    This Agreement is made and entered into in the State of New York and shall in all respects be interpreted, enforced and governed under the laws of said State. The parties hereby consent to the jurisdiction of the United States District Court for the Eastern District of New York in connection with any dispute concerning this Agreement.

2.    The language of all parts of this Agreement shall be construed as a whole, according to its fair meaning, and not strictly for or against either party, regardless of who drafted it.

3.    Should any provision of this Agreement be declared or determined by any court of competent jurisdiction to be illegal or invalid, the remainder of this Agreement shall remain fully enforceable.

4.    This Agreement, including this paragraph, may not be altered in any respect except by a writing duly executed by the parties or authorized representatives of the parties. This Agreement may not be modified orally.

[Remainder of Page Intentionally Left Blank]

WHEREFORE, the Parties hereto have read the foregoing Agreement and accept and agree to the provisions contained herein.

By: _Jerri Lucero_____
Jerri Lucero

STATE OF NEW YORK     )
                                          )ss.:
COUNTY OF NEW YORK  )

On the 30 day of March 2018, before me personally came Jerri Lucero to me known, and known to me to be the individual described in and who executed the foregoing Settlement Agreement and Release, and duly acknowledged to me that he executed the same.

Sworn to before me this 30
day of March 2018

_____
Notary Public

GIUSTINO CILENTI
Notary Public, State of New York
No. 02CI6240824
Qualified in New York County
Commission Expires May 9, 2019

[Remainder of Page Intentionally Left Blank]

10

By: Luis Abarca Jr
Luis Abarca

STATE OF ~~NEW YORK~~ Georgia )
~~COUNTY OF NEW YORK~~ Gwinnett )ss.:

On the ___ day of March 2018, before me personally came Luis Abarca to me known, and known to me to be the individual described in and who executed the foregoing Settlement Agreement and Release, and duly acknowledged to me that he executed the same.

Sworn to before me this 4
day of ~~March 2018~~ April

Notary Public

[Remainder of Page Intentionally Left Blank]

11

By: 
Stamatis Billilis

STATE OF NEW YORK )
)ss.:
COUNTY OF Westchester )

On the 21 day of March 2018, before me personally came Stamatis Billilis to me

known, and known to me to be the individual described in and who executed the foregoing

Settlement Agreement and Release, and duly acknowledged to me that he executed the same.

Sworn to before me this 28th
day of March 2018

_____
Notary Public

ELENA PARASKEVAS THADANI
Notary Public, State of New York
No.02PA8035575
Qualified in Westchester County
Commission Expires January 03, 20.22

By: _____
Joann Billilis

STATE OF NEW YORK )
)ss.:
COUNTY OF Westchester )

On the 28 day of March 2018, before me personally came Joann Billilis to me known,

and known to me to be the individual described in and who executed the foregoing Settlement

Agreement and Release, and duly acknowledged to me that she executed the same.

Sworn to before me this 28th
day of March 2018

_____
Notary Public

ELENA PARASKEVAS THADANI
Notary Public, State of New York
No.02PA8035575
Qualified in Westchester County
Commission Expires January 03, 20.22

12

Ta Ladadika Restaurant Corp.

By: _____

Owner, Joanna Billis
[Print Name and Title]

Owner, Stamatis Billis

ELENA PARASKEVAS THADANI
Notary Public, State of New York
No. 02PA6035575
Qualified in Westchester County
Commission Expires January 03, 20_22_

13